IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID STEVEN LANKFORD, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:08-CV-652-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner David Steven Lankford, TDCJ #683227, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Lankford is currently serving a life sentence on his 1994 state court convictions for

aggravated robbery, aggravated kidnapping, and unauthorized use of a motor vehicle in Hood County, Texas. (Petition at 2) Lankford directly appealed his convictions, however the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on July 31, 1996, the Texas Court of Criminal Appeals refused Lankford's petition for discretionary review. *Lankford v. Texas*, No. 02-94-378-CR, slip op. (Tex. App.–Fort Worth Dec. 29, 1995) (not designated for publication); *Lankford v. Texas*, PDR No. 392-96. Lankford did not seek writ of certiorari. (Petition at 3)

On February 16, 2007, Lankford filed his first state application for writ of habeas corpus challenging his convictions, which was denied without written order by the Texas Court of Criminal Appeals on May 9, 2007. *Ex parte Lankford*, Application No. 67,292-01. This federal petition for writ of habeas corpus was filed on October 10, 2008.[1] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Lankford did not reply.

D. ISSUES

Lankford raises eight grounds herein, challenging his 1994 convictions. (Petition at 7-8-A)

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final and the limitations period began upon expiration of the time that Lankford had for seeking certiorari in the United States Supreme Court on October 29, 1996. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, the federal limitations period closed one year later on October 29, 1997. Lankford's state habeas application, filed after expiration of the federal limitations period, did not operate to toll the running of the federal period under the statutory tolling provision. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan*, 154 F.3d at 197. Nor has Lankford responded to Quarterman's preliminary response within the requisite time or otherwise asserted a valid reason for his failure to file his petition in a timely manner to

3

justify equitable tolling of the limitations period, and the record reveals none. Thus, Lankford is not entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Absent tolling, Lankford's federal petition was due on or before October 29, 1997. His petition, filed on October 10, 2008, nearly eleven years later, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Lankford's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 10, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

4

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 10, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 17, 2009.

                                                    /s/ Charles Bleil
                                                    CHARLES BLEIL
                                                    UNITED STATES MAGISTRATE JUDGE